UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAROLD THOMPSON and CLINTON THOMPSON,

                Plaintiffs,                            16 CV 1667 (FB) (RER)

    - against -                                  AMENDED
                                                        COMPLAINT AND
DETECTIVE JASON HERNANDEZ, Shield No. 4731,    JURY TRIAL DEMAND
P.O. "JOHN DOES" 1-5, and
THE CITY OF NEW YORK,

                Defendants.
-------------------------------------------------------------------X

       Plaintiffs, HAROLD THOMPSON and CLINTON THOMPSON, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.    Plaintiff HAROLD THOMPSON, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

## VENUE

       5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

**JURY TRIAL DEMAND**

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

**PARTIES**

7. At all times relevant hereto, plaintiff HAROLD THOMPSON was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, plaintiff CLINTON THOMPSON was and is a natural person, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, defendant DETECTIVE JASON HERNANDEZ, Shield No. 4731 (hereinafter "HERNANDEZ") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-5 were and are natural persons, employed as police officers by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about April 7, 2015, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff HAROLD THOMPSON served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. At all times relevant hereto, plaintiff HAROLD THOMPSON resided at the premises with the address 107-24 Springfield Boulevard, Queens Village, County of Queens, City and State of New York, which premises were owned by plaintiff CLINTON THOMPSON.

18. At all times relevant hereto, plaintiff CLINTON THOMPSON resided at the premises with the address 107-34 Springfield Boulevard, County of Queens, City and State of New York.

19. On or about January 15, 2015, at approximately 1:30 P.M., plaintiff CLINTON THOMPSON stopped his motor vehicle directly across the street from plaintiff HAROLD THOMPSON's aforementioned dwelling.

20. As plaintiff HAROLD THOMPSON owed a sum of money to plaintiff CLINTON THOMPSON for rent, plaintiff HAROLD THOMPSON entered plaintiff CLINTON THOMPSON's motor vehicle, gave the money he owed to plaintiff CLINTON

THOMPSON, and then immediately exited plaintiff CLINTON THOMPSON's motor vehicle.

21. An unmarked New York City Police Department motor vehicle pulled up to plaintiff CLINTON THOMPSON's vehicle as plaintiff HAROLD THOMPSON was exiting the vehicle.

22. Two of the individual defendants hereto, one of whom, upon information and belief, was defendant HERNANDEZ, approached plaintiff HAROLD THOMPSON, pushed him against his brother's car; illegally searched him, finding nothing; placed him under arrest; and tightly rear-handcuffed him.

23. The aforementioned individual defendants proceeded to search plaintiff CLINTON THOMPSON's motor vehicle, without having probable cause to do so.

24. After searching plaintiff CLINTON THOMPSON's motor vehicle, the individual defendants falsely and maliciously accused him of having a residue of heroin in a straw they claimed to have found in his vehicle.

25. Plaintiff CLINTON THOMPSON was placed under arrest.

26. Two other New York City Police Department motor vehicles arrived at the scene, one an automobile, the other a van.

27. Plaintiffs were placed inside the aforementioned van, accompanied by two or three of the individual defendants hereto.

28. Plaintiffs were driven around in the van, by the aforementioned defendants, for approximately four hour and one-half hours.

29. During the time he was being driven around, plaintiff HAROLD THOMPSON repeatedly complained to the aforementioned individual defendants of pain he was having in his wrists and his neck as a result of the tightness of the

handcuffs and the position of his arms. At that time in his life, plaintiff was receiving treatment for pre-existing conditions affecting his left hand and his neck.

30. Plaintiffs repeatedly requested of the individual defendants in the van that their handcuffs be loosened. Each of these requests was ignored or denied.

31. During the four and one-half hours in which they were held prisoner in the aforementioned van, plaintiffs were offered no food or water and were not provided an opportunity to relieve themselves.

32. Ultimately, plaintiffs were taken to the stationhouse of the 103rd Precinct.

33. At approximately 8:00 P.M., defendant HERNANDEZ, designating himself as the arresting officer, issued each plaintiff a desk appearance ticket, falsely and maliciously charging him with criminal possession of a controlled substance in the seventh degree, an A misdemeanor, as a result of a straw allegedly containing narcotic residue having been found under plaintiff CLINTON THOMPSON's seat.

34. Plaintiffs were compelled to appear in Criminal Court of the City of New York, County of Queens, on three occasions until, on April 22, 2015, they each received an adjournment in contemplation of dismissal.

35. The charges against plaintiffs have subsequently been dismissed and sealed.

36. The individual defendants violated plaintiffs' rights, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, stopped them without having reasonable suspicion to do so, arrested them without having probable cause to do so, used unreasonable and excessive force on plaintiff HAROLD THOMPSON, and falsely imprisoned them.

37. Because of the aforementioned acts committed against them by the individual defendants hereto, plaintiffs suffered a deprivation of their rights to be stopped, questioned and frisked only with reasonable suspicion therefor; their right to be arrested, confined, charged and prosecuted only with probable cause; and their right not to be subjected to excessive and unnecessary force; all guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of their liberty.

38. In addition, plaintiff HAROLD THOMPSON was rendered sick, sore, lame and disabled; was severely and permanently injured; suffered exacerbations of pre-existing injuries; required and will continue to require medical treatment for his injuries; and incurred expenses for legal representation.

39. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants, plaintiffs have each been damaged in an amount sufficient to compensate them for their injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF HAROLD THOMPSON
AGAINST THE INDIVIDUAL DEFENDANTS
<u>AND THE CITY OF NEW YORK</u>**
(False Arrest)

40. Plaintiff HAROLD THOMPSON repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" hereinabove as if more fully set forth at length herein.

41. On or about January 15, 2015, at approximately 1:30 P.M., in front of the premises 107-24 Springfield Boulevard, Queens Village, County of Queens, City and State of New York, the individual defendants hereto, without having probable cause

therefor, forcibly, wrongfully and unlawfully arrested plaintiff HAROLD THOMPSON and, against plaintiff HAROLD THOMPSON's own free will, caused him to be confined to the inside of a van for approximately four and one-half hours and subsequently, to the stationhouse of the 103rd Precinct.

42. Defendant HERNANDEZ falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff HAROLD THOMPSON of having committed the crime of criminal possession of a controlled substance in the seventh degree and issued him a desk appearance ticket therefor.

43. Plaintiff HAROLD THOMPSON was compelled to appear in Criminal Court of the City of New York, County of Queens on February 4, March 9 and April 22, 2015, as a result of the charge falsely and maliciously made against him by defendant HERNANDEZ.

44. The aforementioned charge against plaintiff HAROLD THOMPSON has been dismissed and sealed.

45. At the time they committed the aforementioned acts of false arrest and false imprisonment, defendant HERNANDEZ and the other individual defendants hereto were acting within the scope of their employment by defendant CITY OF NEW YORK.

46. By reason of the false arrest and false imprisonment committed against him by defendant HERNANDEZ and the other individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff HAROLD THOMPSON suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured; suffered exacerbations of pre-existing injuries; required and will continue to require medical treatment for his injuries; and incurred expenses for legal representation.

47. As a result of the acts of false arrest and false imprisonment committed against him by defendant HERNANDEZ and the other individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff HAROLD THOMPSON has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HERNANDEZ and the other individual defendants hereto.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF HAROLD THOMPSON
### AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE CITY OF NEW YORK
### (Battery)

48. Plaintiff HAROLD THOMPSON repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. On or about January 15, 2015, commencing at approximately 1:30 P.M., in front of the premises with the address 107-24 Springfield Boulevard, Queens Village, County of Queens, City and State of New York, plaintiff HAROLD THOMPSON was placed inside a New York City Police Department van and held therein for approximately four and one-half hours by defendant HERNANDEZ and others of the individual defendants hereto.

50. The aforementioned individual defendants offensively touched plaintiff HAROLD THOMPSON by handcuffing him so tightly and forcing him to remain in such an uncomfortable position while he was being driven around in the aforementioned van that he suffered serious and permanent physical injuries and exacerbations of pre-

existing injuries to his left hand and his neck that, at the time of his arrest, he was receiving medical treatment for.

51.   The aforementioned force used by the individual defendants hereto was not reasonable under the circumstances.

52.   At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

53.   By reason of the aforementioned battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff HAROLD THOMPSON suffered, and continues to suffer, serious and permanent physical injuries; exacerbations of pre-existing conditions from which he was suffering and for which he was receiving medical treatment, and incurred, and continues to incur, expenses for medical treatment of his injuries.

54.   As a result of the battery committed upon him by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff HAROLD THOMPSON has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HERNANDEZ and the other individual defendants hereto.

WHEREFORE, plaintiffs, HAROLD THOMPSON and CLINTON THOMPSON, demand judgment against defendants, DETECTIVE JASON HERNANDEZ, Shield No. 4731, P.O. "JOHN DOES" 1-5 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate each plaintiff for his injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff HAROLD THOMPSON for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff HAROLD THOMPSON for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       March 20, 2017

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2321